IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02793-MSK-KLM

KEITH PENNY,

      Plaintiff,

v.

STANLEY AND ASSOCIATES, LLC,

      Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court *sua sponte*.  In a Minute Order issued March 30, 2012, the Court noted that the Affidavit of Service submitted on March 6, 2012, indicates that Defendant was timely served on February 16, 2012, thereby setting the deadline for Defendant to answer or otherwise respond to Plaintiff's Complaint [#1] at March 9, 2012. [## 7, 8].  Defendant has not answered or otherwise responded to Plaintiff's Complaint. The Court thus vacated the Scheduling Conference and directed Plaintiff to file a Status Report indicating his intention to prosecute this matter on or before April 6, 2012.  To date, Plaintiff has not filed a Status Report or any other document on the docket in response to the March 30, 2012 Minute Order.

      The Court warned Plaintiff that his failure to timely comply with the instruction to file a Status Report would result in a recommendation that this matter be dismissed for Plaintiff's failure to prosecute.  [#8].  Given Plaintiff's failure to comply with the instruction stated in the March 30, 2012 Minute Order, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v.*

*Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits.  Although service was effected on Defendant, Defendant did not timely answer and has not made an appearance, and Plaintiff has not sought entry of default.  More importantly, Plaintiff has shirked a direct order of the Court by failing to file a Status Report regarding his intent to prosecute this case.  These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

favor of dismissal without prejudice.[2]   Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 10, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[2]  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).